## Crawford's Estate.

*Appeals—Auditor's findings of fact—Weight of evidence—Decedent's estate—Accounting of executor—Surcharge.*

Argued May 10, 1899. Reargued May 17, 1900. Appeal, No. 213, April T., 1899, by Martha M. Crawford et al., from final decree of O. C. Mercer Co., Jan. T., 1898, No. 18, in distribution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by BEAVER, J.

A former report and decision in this case will be found in 10 Pa. Superior Ct. 587.

*J. J. Alexander*, for appellants.

*W. H. Cochran*, for appellee.

OPINION BY BEAVER, J., July 26, 1900:

A reargument was granted in this case, out of caution, lest we might in some way have overlooked or misunderstood the testimony taken by the auditor. The only doubt in our mind was as to the item of $200 paid by M. M. Crawford to S. F. Thompson, Esq., with which the auditor had surcharged the accountant but which was not sustained by the court below. The testimony of Mr. Thompson, in regard to the transaction, is as follows: " On January 22, 1894, the executor entered into an article of agreement with Miss M. M. Crawford for the sale to her of a property on East Market street, Mercer, for the sum of $1,300. At this time there were a great many judgments and liens against the property, and there was some doubt whether we could get the liens released, so as to give Miss Crawford a good and clear title

at private sale. But it was distinctly understood and agreed that Miss Crawford should not pay anything until such title could be secured to her. On March 18, 1896, the executor executed a deed to Miss Crawford for this property and she executed a judgment bond for $1,236, with interest from April 1, 1896, being the balance of the purchase price, and this deed and bond were left with me and have been in my possession ever since they were executed. On May 22, 1894, Miss M. M. Crawford gave me $200 to apply as a payment on the article of agreement and I receipted it on the back of said article as of April 1, 1894. The executor is not charged in his account with this $200, for the reason that I never paid the same over to him. I considered that under the terms of said contract and our agreement with Miss Crawford, that she should not pay anything, until we secured a perfect and clear title to the property purchased; that I would not be doing right by her to turn this money over to the executor, until such title was secured; and this is the reason why he was not charged with the same in his account. We have never been able to get the liens on said property released, so as to give Miss Crawford a clear title. We were never able to negotiate the bond given by Miss Crawford nor raise sufficient funds with which to satisfy the liens against the property, so as to give Miss Crawford a clear title and she has never made any further payments on the property." This is not only not denied by Miss Crawford but is admitted in its material parts in her cross-examination. She says : " When I paid the $200 and had the same receipted on the article of agreement, no deed, bond or mortgage was made nor was there any agreement that Mr. Thompson should not pay said money over to the executor immediately. Nearly two years after paying these $200, the executor executed a deed to me for the property and I gave him a bond or mortgage for the balance of the purchase money then due, the said deed and bond or mortgage being left with Mr. Thompson, he promising at the time to try and dispose of the bond or mortgage for cash. This deed, bond and mortgage were executed, in order that the money might be obtained on the bond or mortgage and the final settlement of the estate thus hastened; said deed and bond or mortgage are still in Mr. Thompson's possession, as far as I know."

It is possible that, if the court below had confirmed the find-

ing of the auditor in regard to this item, such a conclusion might have been sustained, but we are satisfied, from a re-examination of the testimony, in view of all that has been said in the reargument, that the former disposition of the case should stand. Whereupon it is ordered that the decree heretofore made in the opinion filed July 28, 1899, be carried into effect, as therein set forth.